UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN E. PRAMUK,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM F. YOUNG, JR., CHERYL MONTALBANO RAHMENY, LORI MONTALBANO-PHILIPS, PATRICK PRAMUK, ARTHUR PRAMUK, and ROBERT MONTALBANO,<br><br>    Defendants. | Civil No. 14-403 (PJS/TNL)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application to proceed in forma pauperis ("IFP") as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.)  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An IFP application will be denied, and the action will be dismissed, if the applicant has filed a complaint that is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is "frivolous," and subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Federal courts cannot summarily dismiss an action commenced by an IFP applicant if the allegations in the applicant's complaint merely seem "unlikely."  Denton, 504 U.S. at 33.  An IFP action, however, can

properly be dismissed sua sponte if the allegations in the complaint are found to be "fanciful," "fantastic" or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id. (citing Neitzke, 490 U.S. at 325, 328).

In this case, the allegations presented in Plaintiff's complaint are not just "unlikely," they are irrational.  Plaintiff alleges, for example, that –

* she is "bothered with this person through spirit medium to the point of socery [sic] on my person;"

* Defendants "have made children from my ovum and the Mayo Clinic has sold them to others for profit without my knowledge, maybe even have run test on infants, euthanised [sic] some;"

* Defendants have "euthanised [sic] parents, sister, brother all buried all some longer than others;"

* Defendant Dr. William F. Young has caused someone to be "cremated alive;"

* Defendant Young has put Plaintiff "under a servalence [sic] of a hit man;"

* Defendant Young has been "practicing vodum [sic] from Haiti, Afghanistan, Cambodia" on Plaintiff; and

* Defendants have poisoned Plaintiff more than 50 times with 28 species of worms. (Complaint, [Docket No. 1], pp. 5-6.)  Plaintiff has also recently filed a letter, requesting to add a "Linda Cohen" as a defendant in this matter because she is assisting Defendant Young in "sorcery; defamation of character."  (Docket No. 3.)

Plaintiff's complaint in this case "rise[s] to the level of the irrational or the wholly incredible."  The complaint undoubtedly is "frivolous," as that term has been defined by the Supreme Court.  Therefore, the Court will recommend that Plaintiff's IFP application be

denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis (Docket No. 2) be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).


Dated: February   26  , 2014

            s/ Tony N. Leung            
TONY N. LEUNG
United States Magistrate Judge


*Pramuk v. Young et al.*
File No. 14-cv-403 (PJS/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **March 14, 2014**.